IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARVEL JOHNSON | : | |
|     *Petitioner,* | : | |
| | : | |
| v. | : | |
| | : | |
| PATRICIA H. HYDE, Boston Field Office, | : | |
| Acting Director, | : | Civil Action No. 3:25 CV25-00377 |
| Immigrations and Customs Enforcement in his | : | |
| Official Capacity | : | |
| TODD LYONS, Acting Director, | : | |
| Immigrations and Customs Enforcement in his | : | |
| Official Capacity | : | |
| KRISTI NOEM, Secretary, | : | July 14, 2025 |
| Department of Homeland Security, | : | |
| in his Official Capacity | : | |
| GARRETT RIPA | : | NON-JURY |
| Acting Executive Associate Director, Enforcement | : | |
| and Removal Operations | : | |
|     *Respondents.* | : | |

_____

**RULE 26(f) MODIFIED REPORT OF PARTIES PLANNING MEETING**

The parties in the above-referenced matter hereby submit the following proposed case management plan. The parties believe that this habeas matter falls within the exceptions to Local Rule 26(f), so they modify the form 26(f) report in the following proposal.

Date Petition Served: March 15, 2025

Date Petition Filed: March 15, 2025

Date of Respondents' Appearance: March 16, 2025

Pursuant to Fed. R. Civ. P. 16(b) and 26(f) and D. Conn. L. Civ. R. 16, the parties conferred by way of an exchange of drafts of this report. The participants were: Glenn L. Formica as attorney for Petitioner Marvel Johnson, and Assistant U.S. Attorney John Larson as attorney for Respondents Patricia H. Hyde, Todd Lyons, Kristi Noem, and Garrett Ripa.

- 1 -

Certification: Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

Jurisdiction Subject Matter Jurisdiction This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1346, 2201-02, and § 2241, and Article 1, Section 9, clause 2 of the United States Constitution, as this case arises under the Fifth Amendment to the United States Constitution and the Rehabilitation Act, 29 U.S.C. § 794(a). The United States has waived sovereign immunity for this action for declaratory and injunctive relief against its agencies and their officers, who are sued in their official capacities, pursuant to 5 U.S.C. § 702.  Respondents contest subject matter jurisdiction as set forth in their June 11, 2025 memorandum (ECF 60).

Personal Jurisdiction Personal jurisdiction is not contested in this matter.

Brief Description of Case: Claims of Petitioner: At the time the petition was filed, the petitioner, Marvel Johnson, a 53-year-old native and citizen of Jamaica, was detained by the Department of Homeland Security, Immigration Customs Enforcement (DHS-ICE) at 450 Main Street, Hartford, Connecticut. Mr. Johnson suffers from end-stage renal disease secondary to hypertension (having received a deceased donor kidney transplant in 2009) and severe sleep apnea and is immunocompromised. He alleges that his continued detention, particularly without adequate access to his prescription medications, a bed, or a facility capable of managing his critical medical conditions, violates his Fifth Amendment right to Due Process (unlawful punishment; freedom from cruel treatment and conditions of confinement) and the Rehabilitation Act (failure to provide reasonable accommodation to persons with disabilities). Mr. Johnson seeks a writ of habeas corpus

and declaratory and injunctive relief, including an order requiring his continued release or placement in community-based alternatives to detention.

Defenses and Claims (Affirmative Defenses, Counterclaims, Third-Party Claims, Cross Claims) of Respondents: Respondents Patricia H. Hyde, Todd Lyons, Kristi Noem, and Garrett Ripa, sued in their official capacities, deny all material allegations in Plaintiff's Complaint. They will assert defenses to Plaintiff's claims in their responses to the Complaint or to be proven at trial, including, but not limited to, arguments regarding the legality of detention, the adequacy of medical care provided, and the applicability of the Rehabilitation Act. Defendants reserve the right to add additional or other defenses, or to delete or withdraw defenses, and to add other claims as may become necessary after reasonable opportunity for discovery.

Statement of Undisputed Facts: Counsel and self-represented parties certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. At this time there are no material facts that are undisputed. The parties will meet and confer with respect to any undisputed facts in advance of any hearing on the plaintiff's petition.

The parties acknowledge that the general discovery provisions of the Federal Rules are not applicable to habeas petitions and therefore request that the court adopt the following schedule:

- Parties to exchange medical records concerning the petitioner's medical care by October 17, 2025.

- Parties to disclose witnesses by December 19, 2025.

- Habeas hearing in or around February 2026, at the court's convenience.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Respectfully Submitted,

/s/*Glenn L Formica*

_____
Glenn L. Formica, Fed. Bar. No 21053
Formica, P.C.
195 Church Street, Floor 11
New Haven, Connecticut 06510
(203) 787-1946
(203) 787-6766
e-mail: gformica@formicalaw.com



David X. Sullivan
United States Attorney

___/s/_____
John W. Larson (ct28797)
Assistant United States Attorney
District of Connecticut
450 Main Street, Room 328
Hartford, CT 06103
T:  (860) 947-1101
F:  (860) 760-7979
john.larson@usdoj.gov